## ROSENTHAL v. PENNSYLVANIA R. CO.
### Civil Action No. 1144.

District Court, E. D. New York.

May 15, 1942.

Bernard Burlakoff, of New York City (Julian Buchbinder, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City (G. Hunter Merritt, of New York City, of counsel), for defendant.

BYERS, District Judge.

This is an action tried to the Court in which the plaintiff seeks a judgment because of the alleged negligence of the defendant in failing to keep a portion of the stairway at the 8th Avenue entrance of the Pennsylvania Terminal, in the City of New York, free from a foreign substance the presence of which caused her to fall and break her leg.

The facts are found to be as follows:

1. On July 10, 1939, at about 10:30 p.m., the plaintiff, accompanied by her sister, Mrs. Staple, and the latter's husband, was descending the stairway leading from the 8th Avenue entrance, in the Pennsylvania Terminal, New York City, and her left foot at the second step encountered the remains of an orange, causing her to slip, as the result of which she slid down about six stairs in a sitting posture with her leg crumpled under her; this resulted in a fracture of the lower third of the left fibula, oblique in form, and there was no overriding of the fragments.

2. The plaintiff was confined to her home for about six weeks, during which time she received competent medical treatment, diathermy, massage, etc., and a complete cure was accomplished.

3. The plaintiff incurred medical expenses of a reasonable value of $40.00, plus $20.00 for X-ray films, about $30.00 in taxi fares, and the cost of a crutch which she used for a time, of $15.00, amounting to $105.00 in all.

These are the only elements of out-of-pocket damage shown by the evidence.

4. The proof fails to establish that the condition causing the plaintiff's injury was known to the defendant.

5. The condition which caused the plaintiff's injury was not shown to have existed for a sufficient time to charge the defendant with knowledge thereof.

6. Negligence on the part of the defendant has not been shown.

### Conclusion of Law.

There must be judgment for the defendant, dismissing the plaintiff's complaint on the merits, with costs.

The foregoing invite but brief comment:

The happening of the accident was established, and the defendant offered no testimony to the contrary.

The only contested point in the case is whether the presence of the orange peel and pulp, on the stair in question, had continued for such a period of time that the defendant was chargeable with the lack of ordinary care in failing to remove it. As to that, the plaintiff's evidence is deficient.

In the first place, the case has been pending in this Court, to which it was removed from the State Supreme Court, since the month of April, 1940.

Since it is a non-jury case, it could have been reached for trial by the month of December, 1940, at the latest.

A bill of particulars was ordered on May 28, 1940, and seems to have been served on or about July 18, 1940.

The plaintiff was examined before trial, and then deposed that she knew of no one who saw the orange on the stairway prior to the accident, which is difficult to reconcile with the testimony at the trial of another sister, Mrs. Greenwald, who said that she was also at the station on the night in question on the same errand which brought the plaintiff there, namely, to see two cousins off on an 11:00 o'clock train leaving for Chicago. She said that she arrived at 9:15 and used the 8th Avenue entrance, and at that time she observed the orange on the step, and it looked as though some one had stepped on it.

That was convenient testimony because, if accepted, it would tend to show that the condition existed for at least an hour and a half or an hour and three quarters before the accident.

It is impossible to believe that the plaintiff, when she was examined before trial, did not know of this alleged observation on the part of her sister, Mrs. Greenwald, who says that she joined the plaintiff immediately after the accident. If Mrs. Greenwald knew at that time of the presence of the crushed orange at 9:15, it seems incredible that she would not have mentioned that to the plaintiff; hence the denial by the plaintiff, at her examination before trial, that she knew of any one who had seen the orange before the accident, must be contrasted with Mrs. Greenwald's testimony at the trial.

The result of that process is to undermine the confidence of the Court in Mrs. Greenwald's testimony, to such an extent that it cannot be relied upon. She did not convincingly account for her time between her alleged arrival at 9:15 and the happening of the accident at 10:30 p.m.

For the defendant, the testimony of the employee of the Allied Cleaners, whose duty it was to keep the stairs and all other portions of the Terminal clean and free from debris, was to the effect that he carried a pick-up pan and a broom, and inspected these stairs at intervals of half an hour during his tour of duty, which was from 4:00 p.m. to 12 midnight on the day in question; that he performed his duty and kept the stairways clean; that he did not notice any gathering of people on this stairway at or following the time of the accident, and that he had been examined before trial, on January 14, 1941.

Having in mind that the duty of the defendant was to exercise ordinary care to maintain the stairway free from danger arising from the presence of foreign substances thereon, it is concluded that the plaintiff's proof is deficient, in failing to demonstrate that the defendant did not exercise the measure of care required of it by law.

The proof for the defendant satisfactorily establishes that reasonable precautions were taken to keep this stairway clean, at regular intervals of not to exceed thirty minutes, on the night in question.

Under all the evidence, judgment is directed in favor of the defendant.